IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 5:17-CV-16

| | |
|---|---|
| **MIRANDA RUSSELL** *and* **RUTH HECKMAN**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **ROBERT HATFIELD**, <br><br> *Defendant.* | **COMPLAINT AND JURY REQUEST** |

NOW COME the Plaintiffs, Miranda Russell ("Russell") and Ruth Heckman ("Heckman"), complaining of the Defendant, Robert Hatfield ("Hatfield"), and allege the following to be true:

## INTRODUCTION

1  This action focuses on Defendant's sexual assault, battery, harassment, extortion, and coercion of Plaintiffs in Plaintiffs' housing as Plaintiffs' potential landlord or mortgage holder, interfering with Plaintiffs' statutory rights under the Fair Housing Act.

2  Each paragraph of this Complaint incorporates all others, and each exhibit is incorporated as though fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3  Russell is a resident of the Western District of North Carolina and is neither an infant nor incompetent.

4       Heckman is a resident of the Western District of North Carolina and is neither an infant nor incompetent.

5       Hatfield is a resident of the Western District of North Carolina and is neither an infant nor incompetent.

6       This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

      6.1     28 U.S.C. § 1331, as the action arises out of the Federal Fair Housing Act; and

      6.2     With regard to Plaintiffs' state law claims, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

7       This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

      7.1     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

      7.2     N.C. Gen. Stat. § 1-75.4(1)(a) and (b), as Defendant was a natural person present within this State and a natural person domiciled within this State at the time service of process was made upon him; and

      7.3     N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Plaintiffs' person or property.

8       Venue is proper in this Court pursuant to any/all of the following:

**8.1** 28 U.S.C. § 1391(b)(1), as Defendant is a resident of North Carolina and is a resident of the Western District of North Carolina; and

**8.2** 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## FACTUAL ALLEGATIONS

**9** Defendant owns several properties in and around Wilkes County, North Carolina that he sells and/or leases to primarily low-income buyers and lessors. In many instances, Defendant acts as the mortgagor for buyers when he sells them a house.

**10** Defendant routinely sexually assaults, batters, harasses, extorts, and/or coerces female tenants and buyers, and female prospective tenants and buyers.

**11** Upon information from targets of Defendant's advances, Defendant has sexually assaulted, battered, harassed, extorted, and/or coerced over fifteen women—this figure consisting solely of the Plaintiffs and the subset of Defendant's targets who have contacted Plaintiffs or their attorney directly.

**12** Defendant often, but not always, informs targets of his harassment that his penis does not work properly because of a medical procedure, but says that he can engage in sexual activity in other ways, such as performing sexual acts on his targets.

## DEFENDANT'S SEXUAL ASSAULT, BATTERY, HARASSMENT, EXTORTION, AND COERCION OF RUSSELL

13   Russell was a prospective tenant that met with Defendant on approximately three occasions to speak with Defendant about leasing one of his houses.

14   In late January, 2015, Russell met with Defendant regarding a house he had for lease.

15   As Russell and Defendant toured the property, Defendant attempted to grope Russell's breast, and did grope her stomach. Russell was pregnant at the time.

16   Defendant told Russell that she had a "wonderful body."

17   Russell removed Defendant's hands from her and began to leave the room.

18   Defendant told Russell that if she did not acquiesce to his advances, he would call the Department of Social Services to have the Department remove Russell's children from her custody.

19   Defendant offered to make any sexual favors done by Russell "worth [her] while."

20   As Russell left the room and the house, Defendant followed her, attempting to further discuss a lease of the house.

21   On prior occasions when Russell had met with Defendant to discuss leasing houses from him, Defendant had grabbed her breast, offered to make sexual favors "worth [her] while," threatened her with the Department of Social Services, and brought up the fact that his penis did not function properly due to a medical procedure.

22      On at least one prior occasion when Russell had met with Defendant to discuss leasing a house from him, Defendant informed Russell that there were women leasing from him who had acquiesced to his sexual advances.

## DEFENDANT'S SEXUAL ASSAULT, BATTERY, HARASSMENT, EXTORTION, AND COERCION OF HECKMAN

23      Heckman was referred to Defendant through several people, including Yetta Taylor ("Taylor"), a realtor working with Yadkin Bank.

24      Heckman and Defendant entered into a real estate deal over the phone in which he financed the mortgage and she paid him directly, mailing payments to his P.O. Box.

25      Heckman and her daughter moved to North Carolina from Oregon on September 15, 2014.

26      Heckman and her daughter met Defendant in person for the first time at the escrow office to sign the paperwork for the real estate deal.

27      Defendant never ran a credit check on Heckman's daughter.

28      Shortly after Heckman and her daughter moved in, Defendant came to the property with a couple of handymen to install a dishwasher. Defendant did not say anything offensive to Heckman or her daughter at this time because the handymen were present.

29      On February 13, 2016, Heckman called Defendant to come look at the dishwasher, which had stopped working. There was no agreement between Heckman and Defendant that Defendant would make any repairs, but she called him because his handymen had installed it.

30      During the conversation, Defendant said something to the effect of, "Oh yes, I remember you. The lady with the big boobs."

31      Heckman deflected the comment and tried to put it out of her mind.

32      Defendant then came to Heckman's house with Jack Stratford ("Stratford"), a handyman, who repaired the dishwasher.

33      Once Stratford had finished the repairs, he stepped outside and left Heckman alone with Defendants.

34      During the time they were alone, Defendant asked Heckman if there were any other repairs she needed. She said there were not.

35      Defendant then opened his arms towards Heckman as if he wanted a hug. Heckman thought nothing of it and approached him.

36      Defendant pulled Heckman towards him and pushed her tightly against his chest.

37      Feeling Heckman's breasts, Defendant said something to the effect of, "That's what I needed, feeling those up against me."

38      Heckman pushed defendant away and reminded Defendant that he had a wife.

39      Heckman opened the door and told Defendant to leave, which he did.

40      Plaintiffs have suffered damages, including, but not necessarily limited to, emotional distress as a result of Defendant's actions.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 3604—Quid Pro Quo
*All Plaintiffs*

41      Plaintiffs were subjected to demands for sexual favors.

42    Plaintiffs experienced that demand because of their sex.

43    Housing benefits were explicitly or implicitly conditioned on performance of the sexual favors.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 3604—Hostile Housing Environment
*Plaintiff Heckman*

44    Heckman was subjected to verbal or physical conduct of a sexual nature.

45    Heckman was subjected to this conduct because of her sex.

46    This conduct was unwelcome.

47    This conduct was sufficiently severe or pervasive to alter the use and enjoyment of the home and to create an abusive living environment.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 3604—Discriminatory Statements
*All Plaintiffs*

48    Defendant made, printed, and/or published statements with respect to the sale or rental of a dwelling indicating preference, limitation, and/or discrimination based on sex or an intention to make preference, limitation, and/or discrimination based on sex.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 3617—Fair Housing Interference
*All Plaintiffs*

49    Plaintiffs engaged activity protected under the Fair Housing Act.

50    Defendant subjected Plaintiffs to adverse actions in the form of coercion, threats, or interference.

-7-

Case 5:17-cv-00016-MOC-DSC    Document 1    Filed 01/17/17    Page 7 of 11

51      There was a causal connection between this adverse action and the protected activity.

## FIFTH CAUSE OF ACTION
**Assault**
*All Plaintiffs*

52      Defendant attempted by an intentional act, or by a show of force or violence, to cause an offensive or harmful physical contact with Plaintiffs which injured Plaintiffs.

53      Plaintiffs were placed in reasonable apprehension of an imminent threat of offensive or harmful contact.

54      Defendant had the present ability to cause the offensive or harmful physical contact with Plaintiffs.

## SIXTH CAUSE OF ACTION
**Battery**
*All Plaintiffs*

55      Defendant intended to cause an offensive or harmful physical contact with Plaintiffs.

56      Such contact with Plaintiffs occurred.

57      Such contact occurred without Plaintiffs' consent.

## PRAYER FOR PUNITIVE DAMAGES

58      As to Plaintiffs' claims under federal law, Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which he is liable:

  **58.1**  Malice;

  **58.2**  An evil motive; and/or

  **58.3**  Callous indifference to a federally protected right.

**59**  As to Plaintiffs' claims under state law, Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which he is liable:

  **59.1**  Fraud;

  **59.2**  Malice; and/or

  **59.3**  Willful or wanton conduct.

## JURY TRIAL REQUESTED

**60**  Plaintiffs request a jury trial on all matters so triable.

WHEREFORE, Plaintiffs respectfully request that this Court:

**1**  Enter judgment in favor of Plaintiffs and against Defendant on all causes of action alleged herein;

**2**  Award Plaintiffs with damages, including punitive damages, in an amount to be determined at trial;

**3**  Tax the costs of this action against Defendant and award Plaintiffs with reasonable attorney's fees;

**4**  Issue declaratory relief stating that Defendant has violated the laws associated with the causes of action raised herein;

5	Enjoin all unlawful practices alleged in this Complaint and impose affirmative injunctive relief requiring Defendant, his contractors, agents, employees, assignees, and any other person acting in concert or participating with him to take affirmative action to provide equal housing opportunities to all tenants, buyers, and prospective tenants and buyers freedom from conduct violating the Fair Housing Act; and

6	Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 17th day of January, 2017.*

/S/ CRAIG HENSEL
*Attorney for Plaintiffs*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017, I served the foregoing Complaint and Jury Request on the Defendant by US Mail, Certified, Return Receipt to the following addresses:

Robert Hatfield
116 North Quail Circle
Wilkesboro, NC 28697

Robert Hatfield
PO Box 147
Millers Creek, NC 28651

**/s/ Craig Hensel**
*Attorney for Plaintiffs*
NC State Bar No. 40852
Hensel Law, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

-11-

Case 5:17-cv-00016-MOC-DSC    Document 1    Filed 01/17/17    Page 11 of 11