UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00016-MOC-DSC
[consolidating 5:17cv16 and 5:17cv121]

| | |
|---|---|
| RUTH HECKMAN ) | |
| MIRANDA RUSSELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ROBERT NEAL HATFIELD, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| ROBERT NEAL HATFIELD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Consolidate Related Cases with United States v. Robert Neal Hatfield [5:17cv121]. The issues have been fully briefed by respective counsel in this action, an appropriate Notice (#19) has been filed in the 5:17cv121 action, and counsel for the United States of America, therein, has interposed no objection.

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation "[i]f

actions before the court involve a common question of law of fact." The rule provides courts with discretion over whether to consolidate actions for trial. See Arnold v. Eastern Air Lines, Inc., 681 F.3d 186, 192 (4th Cir. 1982). Courts considering consolidation should evaluate:

> (1) whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues,
> (2) burden on the parties,
> (3) witnesses and available judicial resources posed by multiple lawsuits,
> (4) the length of time required to conclude multiple suits as against a single one, and
> (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193. Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246, 248 (E.D. Va. 1999). Nevertheless, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." Michael v. Wyeth, LLC, 2011 WL 1527581, at *2 (S.D.W.Va. Apr. 20, 2011) (Copenhaver, J.) (internal quotations omitted).

Two actions are now pending before the undersigned stemming from the same alleged conduct. In this action, plaintiffs Miranda Russell and Ruth Heckman ("plaintiffs") filed suit against defendant Robert Hatfield, alleging violations of the Fair Housing Act,

42 U.S.C. §§ 3601–3631 (the "FHA"). In United States v. Robert Neal Hatfield, 5:17-cv-121 (W.D.N.C.), the government asserts violations of the FHA against the same defendant. While this action involves alleged violations of the FHA against these two plaintiff and the later-filed action involves allegations of a pattern and/or practice, the conduct which is alleged is identical. The Court has reviewed the allegations asserted by way of the complaints filed in each case, and agrees with the plaintiffs herein that common issues of law and fact predominate. The Court also agrees with plaintiff that judicial economy favors consolidation. Such consolidation will serve judicial economy and avoid duplication of efforts and the risk of inconsistent results.

The Court has considered the Arnold factors set forth supra and finds that they all weigh in favor of consolidation or are neutral. The risk that defendant will suffer prejudice if these matters are consolidated is nonexistent or negligible. Consolidation will eliminate duplication of efforts by the parties and the Court. While the Court has considered carefully defendant's argument concerning witnesses, the fact of the matter is that all the witnesses in this case could and likely would be called by the government in the later filed case, and *vice versa*.

Furthermore, if consolidated, a jury would be presented with all the testimony in one action, avoiding the possibility of inconsistent judgments. The harm that could be caused by inconsistent judgments is extends well beyond the parties to this case, as public confidence in the judicial system can be undermined if such were to occur. Consolidating these matters will also reduce the burden (temporally and financially) on the parties and

the Court by avoiding avoid duplicative efforts in discovery, motions practice, mediation, and, if needed, trial.

The Court has also considered defendant's argument that by joining the two actions, plaintiffs' case is bolstered by the presence of the United States as a co-plaintiff. While that is certainly possible, the exact opposite argument could be made as the presence of government can also be considered a negative, especially in some former divisions of this district. The possibility that the presence of the government will somehow lend credence to the individual plaintiffs is neutralized by this Court's routine instruction concerning the jury's duty to treat all parties as being of equal worth. Further, if this matter makes it to trial, the Court will allow some *voir dire* on whether prospective jurors would be fair where the government is a party.

Ultimately, the court finds that consolidation of the above-captioned action cases is warranted given the common factual and legal issues and the judicial efficiencies that will be achieved by and through consolidation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Consolidate Related Cases with United States v. Robert Neal Hatfield [5:17cv121] is **GRANTED**, and the 5:17cv121 action is **CONSOLIDATED** with this action, with the 5:17cv16 designated as the "Lead Case" for docketing purposes, as above captioned.

The Clerk of Court shall note that with the consolidation, the referral to Judge Keesler is removed in the later filed case and Judge Cayer shall serve as the presiding United States Magistrate Judge in both cases. The Court will leave it to the parties and Judge Cayer to conform the pretrial orders if necessary.

Signed: March 9, 2018

Max O. Cogburn Jr
United States District Judge