IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| MIRANDA RUSSELL and<br>RUTH HECKMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 5:17-cv-00016-MOC-DSC |
| | ) | |
| ROBERT HATFIELD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 5:17-cv-00121 |
| | ) | |
| ROBERT NEAL HATFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND ORDER REGARDING DISCOVERY

Plaintiff United States, Plaintiff Ruth Heckman, and the Defendant (collectively "Parties") mutually seek to reduce the time, expense and other burdens of discovery of documents, things, and electronically stored information ("ESI"). Therefore, the Parties are entering into this Stipulation to govern discovery obligations in this action.

The Parties stipulate to the following:

1.     **Obligation to Preserve.** In accordance with the Federal Rules of Civil Procedure ("FRCP"), the Federal Rules of Evidence, and the relevant controlling principles of law, the Parties agree to preserve relevant documents, things, and ESI, created before or after the

1

effective date of this Stipulation and Order.  The Parties agree that by preserving documents,

things, and ESI for the purpose of this litigation, they are not conceding that such material is

discoverable, nor are they waiving any claim of privilege.

**2.**      **Limitations on Obligation to Preserve.**  The Parties agree to limit the scope of

preservation as described in this section.

a.      The Parties agree not to preserve the following categories of ESI: 1) delivery or

read receipts of e-mail; 2) logs of calls made to or from mobile devices; 3) temporary or cache

files, including internet history, web browser cache and cookie files, wherever located; 4) server,

system or network logs; 5) data from photocopiers or fax machines; and, 6) auto-saved copies of

electronic documents.

b.      Provided that each Party preserves at least one copy of all relevant ESI in a

reasonably accessible location, the Party is not required to keep duplicate copies of: 1) e-mail or

other electronic messages (including attachments) sent to multiple recipients; 2) ESI on mobile

or portable devices (*e.g.*, Blackberry, smart phones, flash drive); or 3) ESI on backup systems

used for system recovery or information restoration that are routinely purged or overwritten in

accordance with an established, documented, and routine system maintenance policy.  If relevant

ESI exists *only* on a Party's Backup System, the Party will preserve ESI on the Backup System

until the Parties can agree on how and when the ESI will be preserved or produced.  If the Parties

cannot reach agreement, they will seek a ruling from the Court.

c.      The Parties agree not to preserve relevant, but otherwise privileged, documents,

things, or ESI created by, and exchanged *solely among*: 1) attorneys or staff within the United

States Department of Justice; 2) attorneys for or staff of Plaintiff Heckman's counsel; or 3)

attorneys or staff of defense counsel; or *solely between*: 1) attorneys and staff of defense counsel and the Defendant in this case; 3) attorney and staff of Plaintiff Heckman's counsel; or 3) attorneys and staff of the United States Department of Justice and attorneys for other government agencies involved in this case.

d.       The Parties agree not to seek discovery of or list on a privilege log documents, things, and ESI that they have agreed not to preserve pursuant to subparagraphs 2 a – c, above. However, if a Party preserves relevant documents, things, or ESI covered by paragraphs 2 a – c, in order to support a claim or defense in this case, the Party shall produce such information or identify it on a privilege log notwithstanding the provisions of subparagraphs 2 a – c, above.

e.       This Stipulation and Order does not: 1) modify, amend, limit, or obviate any Party's obligation to maintain and preserve documents, things, and ESI where required by law; or 2) affect any other obligations of the Parties to preserve documents, things, and ESI, such as pursuant to a Party's own document retention policy, court order, administrative order, or in response to other anticipated litigation.

3.       **Identification & Production of Documents, Things, and ESI**:  The Parties agree to produce documents, things, and ESI as follows:

a.       Word Processing Files, Spreadsheets, Presentations, and PDFs will be produced in their native format (*e.g.*, Word files will be produced in Word, Excel spreadsheets will be produced in Excel, etc.).

b.       E-mail will be produced as Outlook .msg or .pst files with the following metadata fields intact: To, From, CC, BCC, Subject, DateSent, Responsive to.

c.       Photographs will be produced in color as either PDF or JPEG images.

d.      Web Pages will be produced in a readily accessible format (*e.g.*, Microsoft Word, PDF, etc.).  Parties agree that the visual formatting of web pages does not need to be produced unless it is necessary to understand or use the content produced.

e.      ESI Not Addressed by this Agreement:  The Parties will meet and confer regarding the production of video, audio, text messages, proprietary file formats, and databases.

f.      Form of Production for Paper Documents:  The Parties agree to scan black and white hard-copy documents as PDF images.  The Parties agree to produce color images (*e.g.*, color-coded graphs or charts, printed photographs, etc.) as PDFs with color included.  The Parties agree to produce paper documents in a manner that accurately represents the organization and content of the original paper document.  If a document has multiple pages, the scanned images of each page will be produced in the order maintained in the original document.  The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, binder or file folder containing multiple documents, etc.) will be maintained when scanning.

g.      Bates Numbering:  Except for files that are produced in native format, like Word, Excel, PowerPoint, and e-mails, the Parties agree to label all documents and images using Bates Numbers in the format "US########" for the United States, "Heckman########" for Plaintiff Heckman, and "Def########" for the Defendant.  The Parties agree not to place Bates Number in a way that obliterates, conceals, or interferes with any information in the image.

For all such files produced in native format, the Parties agree to provide a placeholder page for each individual native file, which will be assigned a Bates Number.

h.       The Parties agree to remove encryption or password protection for all ESI

produced.  In the alternative, the Parties agree to provide passwords or assistance needed to open

encrypted files.

i.       The Parties agree not to produce documents, things or ESI using FTP, SFTP,

hosted or commercially available services (*e.g.*, Dropbox.com) without written agreement of all

Parties.  The Parties agree to produce discovery using physical media such as CD-ROM or

DVDs.  The Parties will label each piece of physical media with: 1) case number, 2) producing

Party's name; 3) production date; and 4) Bates Number range(s) of the materials on the

production media.

**4.       Privileged Documents, Things, & ESI.**

a.       <u>Assertion of Privilege/Protection</u>:  The Parties agree that for each document,

thing, or ESI withheld based on an asserted claim of privilege or protection, the asserting Party

must produce a log pursuant to FRCP 26(b)(5)(a), except as provided in subparagraph 2.d.,

above.  The Parties agree to separately identify and log embedded e-mail and e-mail attachments.

The privilege log must contain sufficient information to establish the basis for each of the

elements of the asserted privilege or protection for each item withheld, including:  1) Bates

Number; 2) type (*e.g.*, document, thing or ESI); 3) title and purpose; 4) names of all attachments;

5) date created, sent or received; 6) authors, recipients, copyees (cc and bcc); and, 7) privilege(s)

or protection(s) claimed.

The Parties agree not to produce or describe on a privilege log, communications between

a Party's attorney and any witness required to provide a report under FRCP 26(a)(2)(B), except

that the Parties will disclose communications made discoverable by FRCP 26(b)(4)(C).

Except as otherwise provided in paragraphs 2 and 4, nothing in this Stipulation and Order shall alter the responsibilities or obligations of the Parties to provide a privilege log for material withheld under a claim of privilege or protection.

b.      Inadvertent Disclosure of Privileged or Protected Information:  The Parties agree that a disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, work product protection, or governmental privileges does not operate as a waiver in this case if: 1) the disclosure is inadvertent; 2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and 3) the holder promptly took reasonable steps to rectify the error.

If the producing Party inadvertently discloses information that it asserts is privileged or protected, it will notify the receiving Party within fourteen days of discovery of disclosure and provide the production date, wave number and volume of the production media, and the Bates number(s) or Document ID (for native files) of all material that it believes contains the inadvertently disclosed information.

If a production contains information that the receiving Party believes is privileged or protected and was inadvertently produced, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of the item it believes was inadvertently produced.  Within fourteen days after receiving notification, the producing Party may make a written request for return of the material.  If the producing Party does not send a written request for return of the material to the receiving Party within fourteen days, the producing Party waives all claims of privilege or protection as to the material.

When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return or destroy all inadvertently produced material identified by the producing Party. If copies of inadvertently produced materials are captured on the receiving Party's Backup System, the receiving Party will over-write those copies according to its established procedures.

If the receiving Party must destroy or delete production media (e.g., CD) in order to destroy or delete inadvertently produced material, the producing Party will provide a duplicate copy of the production media minus only the inadvertently produced material within fourteen days of its written request for return of the material to the receiving Party.

If the receiving Party intends to challenge the claim of privilege or protection or the inadvertence of the production, it will keep one copy of the inadvertently produced material in a sealed envelope or a sequestered location while seeking a ruling from the Court.

5. **Duty to Supplement Discovery Responses.** Each Party must supplement or correct its disclosure or response in compliance with FRCP 26(e).

6. **Costs of Document Production.** Each Party shall bear the costs of producing its own documents, things, and ESI.

7. **Requirement to Confer.** The Parties will confer in a good faith attempt to resolve disputes before filing any motion about the terms of this Stipulation and Order, compliance with this Stipulation and Order, or other discovery matter.

8. **Miscellaneous**

   a.     The Stipulation may be executed in counterparts.

b.      This Stipulation may not be enlarged, modified or altered except in a writing signed by each Party.

c.      None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the FRCP.

d.      The terms of this Stipulation and Order are not exhaustive.  Each Party reserves the right to subsequently request to meet and confer to address any discovery matters not addressed herein.

SO ORDERED.

Signed: June 7, 2018

_____
David S. Cayer
United States Magistrate Judge

WE SO MOVE and agree to abide by the terms of this Order.

For the Plaintiff UNITED STATES:

R. ANDREW MURRAY
United States Attorney
Western District of North Carolina

KATHERINE T. ARMSTRONG
Assistant United States Attorney
United States Attorney's Office
Western District of North Carolina
227 West Trade Street
Suite 1650
Charlotte, NC 28202
Phone: (704) 338-3104
Fax:  (704) 344-6629
Email: Katherine.Armstrong@usdoj.gov

JOHN M. GORE
Acting Assistant Attorney General

*s/ Colin Stroud*
SAMEENA SHINA MAJEED
Chief
MICHAEL S. MAURER
Deputy Chief
BETH FRANK
COLIN STROUD
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwest Building, 7th Floor
Washington, DC 20530
Phone: (202) 514-4737
Fax:  (202) 514-1116
E-mail: Colin.Stroud@usdoj.gov

For Plaintiff RUTH HECKMAN:

*s/ Craig Hensel*
Craig Hensel
HENSEL LAW, PLLC
P.O. Box 39270
Greensboro, NC 27438
Craig.Hensel@hensellaw.com

For Defendant ROBERT NEAL HATFIELD:

*s/ Ryan D. Bolick*
Ryan D. Bolick
Virginia Wooten
CRANFILL SUMNER & HARTZOG LLP
P.O. Box 30787
Charlotte, NC 28230
rbolick@cshlaw.com